UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAWN DEE DEVLIN,

                        Plaintiff,

       v.

B OLSON,

                    Defendants.

Case No. C20-5029 BHS-TLF

ORDER TO SHOW CAUSE

This matter comes before the Court on plaintiff's filling of an application to proceed *in forma pauperis* and proposed civil rights complaint. Dkt. 1. In light of the deficiencies in the complaint discussed herein, the Court will not direct service of the complaint at this time. Plaintiff will be provided the opportunity -- by July 17, 2020 – to show cause why plaintiff's application to proceed *in forma pauperis* should not be denied or file an amended complaint.

<u>Background</u>

Plaintiff, a prisoner at Larch Corrections Center, brings this action pursuant to 42 U.S.C. § 1983 against the defendants in their individual and official capacities for allegedly opening plaintiff's legal mail without him being present. Dkt. 1-1 at 2-4. Plaintiff alleges that on two different occasions he received mail that he identifies as "legal mail" from Okanogan Superior Court that had been opened without plaintiff being present. Dkt. 1-1 at 12. Plaintiff states that he asked the duty officer why the mail had been

1    opened outside of his presence, but that the duty officer did not provide an explanation.

2    Dkt 1-1 at 12. Plaintiff also states that when he reviewed the opened mail, the contents

3    were out of order and had been "censored." Dkt. 1-1 at 12.

4        Next, the complaint alleges that he attempted to send outgoing mail to a judge.

5    Dkt. 1-1 at 12. The complaint indicates that he received a rejection notice stating that,

6    because the envelope had a sticker with the correct address over an incorrect address,

7    the outgoing mail was stopped and removed from the envelope. Dkt. 1-1 at 12. Plaintiff

8    states that the notice requested that plaintiff provide a new envelope to send the

9    outgoing mail. Dkt. 1-1 at 12.

10       Plaintiff contends that these instances violated his constitutionally protected

11   rights and violated 18 U.S.C. §§ 1701-1703. Dkt. 1-1 at 12. Plaintiff also alleges that

12   these acts have "damaged the integrity of [plaintiff's] still ongoing criminal case &

13   divorce case." Dkt. 1-1 at 12.

14                                   Discussion

15       A district court may permit indigent litigants to proceed *in forma pauperis* upon

16   completion of a proper affidavit of indigency. See, 28 U.S.C. § 1915(a). The court has

17   broad discretion in resolving the application, but "the privilege of proceeding *in forma*

18   *pauperis* in civil actions for damages should be sparingly granted."  *Weller v. Dickson*,

19   314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). The Court must

20   dismiss the complaint of a litigant proceeding *in forma pauperis* "at any time if the

21   [C]ourt determines" that the action: (i) "is frivolous or malicious"; (ii) "fails to state a claim

22   on which relief may be granted" or (iii) "seeks monetary relief against a defendant who

23   is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it

24

25

ORDER TO SHOW CAUSE - 2

has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).

When a plaintiff appears *pro se* in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient standard does not excuse a *pro se* litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id.* Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

To state a claim under Section 1983, a plaintiff must set forth the specific factual bases upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1982). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

A. <u>Correspondence</u>

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI; *see also*, *Gideon v. Wainwright*, 372 U.S. 335, 342-43 (1963). The Ninth Circuit recognized in *Nordstrom v. Ryan*, that "[a] criminal defendant's ability to communicate candidly and confidentially with his lawyer is essential to his defense[,]" and that interference of prison officials with attorney-client correspondence may violate that Sixth Amendment right. 762 F.3d 903, 910 (9th Cir. 2014), Specifically, the Court held that even a single instance of a correctional officer *reading* mail addressed to plaintiff from his criminal defense attorney was sufficient to establish a violation of the Sixth Amendment right to counsel. *Nordstrom*, 762 F.3d at 911-12. The Ninth Circuit has also held that prisoners have a Sixth Amendment right to be present while the legal mail related to their criminal proceedings is opened. *Mangiaracina v. Penzone*, 849 F.3d 1191, 1196 (9th Cir. 2017).

Jails and prisons may impose restrictions on prisoner legal mail, so long as the restrictions are "reasonably related to legitimate penological interests." *Mangiaracina*, 849 F.3d at 1197 (citing *Turner v. Safley*, 482 U.S. 78 (1987)). For example, prison officials may require mail from attorneys be identified as such and open such mail in the

presence of the prisoner for visual inspection. *See Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974); *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981).

The Ninth Circuit has held that prisoners also have a protected First Amendment interest in having mail from their civil attorneys opened in their presence. *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017). The basis for this holding, the Court reasoned, is that a prisoner who receives confidential legal mail from a civil attorney which is opened outside of his presence may understandably be wary of engaging in future communication about privileged legal matters i.e. his protected speech may be chilled. *Id.* at 1210.

The Court further reasoned that prisoners' communications with civil attorneys often relate to lawsuits challenging the conditions of confinement in the prison or wrongful conduct of prison employees and, therefore, when prison officials open legal mail outside the prisoners' presence, the prisoner may be justifiably concerned about retaliation, thereby chilling the exercise of their First Amendment rights. *Id.*

Yet the Ninth Circuit has clarified that while incoming mail from a prisoner's attorney is considered "legal mail" and implicates additional constitutional protections, incoming mail from the courts is not categorized as "legal mail." *Haynes*, 849 F.3d at 1211 (citing *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). "Accordingly, the First Amendment does not prohibit opening such mail outside the recipient's presence." *Haynes*, 849 F.3d at 1211 (affirming the dismissal of plaintiff's claim relating to an incident where prison officials opened mail from a federal court outside of the plaintiff's presence.).

Here, plaintiff alleges that the defendants opened his "legal mail" outside of his presence. However, plaintiff alleges that the incoming mail that was opened was from the Okanogan Superior Court.

Additionally, the outgoing mail that plaintiff alleges was opened, appears to be correspondence with a court. Therefore, none of the correspondence referenced in the complaint would be categorized as legal mail subject to Sixth or First Amendment protections. See, *Haynes*, 849 F.3d at 1211, *Keenan*, 83 F.3d at 1094. Plaintiff has provided no factual allegations showing how the defendants opening this correspondence outside of his presence would have chilled his First Amendment rights to free speech, impeded his rights to access the courts, or caused him harm.

Plaintiff also contends that the content of his incoming mail had been "censored." Dkt. 1-1 at 12. However, plaintiff does not explain how any of his correspondence was "censored" or who allegedly "censored" his correspondence. In order to state a Section 1983 claim, plaintiff must set forth the specific factual basis upon which the plaintiff claims each defendant is liable. *Aldabe*, 616 F.2d at 1092. Plaintiff must identify the specific person who allegedly "censored" his correspondence and how that state official's actions (or failure to act) deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.

For these reasons, plaintiff has not alleged sufficient facts to state a cause of action pursuant to Section 1983.

B.  18 U.S.C. §§ 1701-1703

Plaintiff's complaint also alleges that the defendant's conduct violated 18 U.S.C. §§ 1701-1703.

ORDER TO SHOW CAUSE - 6

18 U.S.C. §§ 1701-1703 are criminal statutes prohibiting the interference with mail and other correspondence. 18 U.S.C. § 1701 (Obstruction of mails generally), 18 U.S.C. § 1702 (Obstruction of correspondence), 18 U.S.C. § 1703 (Delay or destruction of mail or newspaper). A private right of action does not exist for all injuries caused by violations of the criminal code. *Cent. Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 190 (1994) (noting that courts have been "quite reluctant to infer a private right of action from a criminal prohibition alone.") Unless "congressional intent can be inferred from the language of the statute, the statutory structure, or some other source" the Court will not imply a private remedy for the federal statute. *Thompson v. Thompson*, 484 U.S. 174, 179 (1988).

Further, Section 1983 only provides a remedy for violation of a federal statute if the statute creates an unambiguously conferred right that is enforceable in a damages action. *Gonzaga v. Doe*, 536 U.S. 273, 282-83 (2002). "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under Section 1983 or under an implied right of action." *Id.* at 286.

Nothing in the language of 18 U.S.C. §§ 1701-1703 unambiguously provides a private right of action; several courts have held that a private right of action cannot be maintained pursuant to these statutes. *See, Woods v. McGuire*, 954 F.2d 388 (6th Cir. 1992), *Rodriguez v. Sohi Hemit*, No. 16-778-RAJ, 2018 WL 3618260 (W.D. Wash., July 30, 2018), *Hill v. Sands*, 402 F. Supp. 1368 (N.D. Ill. 1975), *Sciollino v. Marine Midland Bank-Western*, 463 F. Supp. 128 (W.D.N.Y. 1979).

1  For these reasons, plaintiff cannot maintain a cause of action for alleged

2  violations of 18 U.S.C. §§ 1701-1703.

3  <u>Conclusion</u>

4  Due to the deficiencies described above, the Court will not serve the complaint.

5  Plaintiff may show cause why plaintiff's application to proceed *in forma pauperis* should

6  not be denied or may file an amended complaint to cure, if possible, the deficiencies

7  noted herein, on or before **July 17, 2020**. If an amended complaint is filed, it must be

8  legibly written or retyped in its entirety and contain the same case number. Any cause of

9  action alleged in the original complaint that is not alleged in the amended complaint is

10  waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part*

11  *on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

12  The Court will screen the amended complaint to determine whether it states a

13  claim for relief cognizable under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named*

14  *Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). If the amended

15  complaint is not timely filed or fails to adequately address the issues raised herein, the

16  undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. §

17  1915.

18

19

20

21

22

23

24

25

ORDER TO SHOW CAUSE - 8

The Clerk is directed to send plaintiff the appropriate forms for filing 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* information sheet.

Dated this 16th day of June, 2020.

Theresa L. Fricke
United States Magistrate Judge