UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAWN DEE DEVLIN,

          Plaintiff,

v.

B OLSON,

          Defendants.

Case No. C20-5029 BHS-TLF

REPORT AND RECOMMENDATION

Noted for **October 9, 2020**

This matter is before the Court on plaintiff's filing of a response pursuant to the Court's order to show cause why his complaint should not be dismissed. Dkt. 4. Plaintiff is proceeding *pro se* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, plaintiff's response has failed to show that deficiencies in plaintiff's complaint may be cured, and therefore the undersigned recommends that the Court dismiss this action without prejudice prior to service for failure to state a claim upon which relief may be granted.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.

REPORT AND RECOMMENDATION - 1

1  § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact.

2  *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

3  Before the Court may dismiss the complaint as frivolous or for failure to state a
4  claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her
5  complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v.*
6  *Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Construction,*
7  *Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th
8  Cir. 1987). On the other hand, leave to amend need not be granted "where the
9  amendment would be futile or where the amended complaint would be subject to
10 dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v.*
11 *Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package*
12 *Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

13 To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the
14 conduct complained of was committed by a person acting under color of state law, and
15 (2) the conduct deprived a person of a right, privilege, or immunity secured by the
16 Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981),
17 *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is
18 the appropriate avenue to remedy an alleged wrong only if both of these elements are
19 present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

20 Plaintiff, an inmate at Larch Correctional Center (LCC), alleges the defendants
21 opened plaintiff's "legal mail" without him being present. Dkt. 1-1 at 2-4. The Court
22 previously informed plaintiff that his complaint failed to state a claim, because the
23 alleged interference involved correspondence between plaintiff and a court, not

24

25

REPORT AND RECOMMENDATION - 2

1  plaintiff's attorney. Dkt. 3, at 5. Incoming mail from the courts is not categorized as

2  "legal mail," and therefore the First Amendment does not prohibit jails and prisons from

3  opening such mail outside the recipient's presence. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d

4  1204, 1211 (9th Cir. 2017) (citing *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996).

5        Plaintiff also alleges that defendants' conduct violated 18 U.S.C. §§ 1701-1703,

6  criminal statutes prohibiting interference with mail and other correspondence. The Court

7  informed plaintiff that plaintiff could not sue for an alleged criminal violation of these

8  statutes. Because nothing in the language of 18 U.S.C. §§ 1701-1703 unambiguously

9  provides a right enforceable in a damages action, there is no right plaintiff can claim

10  under 18 U.S.C. § 1983. *See, Gonzaga v. Doe*, 536 U.S. 273, 282-83 (2002); *Woods v.*

11  *McGuire*, 954 F.2d 388 (6th Cir. 1992), *Rodriguez v. Sohi Hemit*, No. 16-778-RAJ, 2018

12  WL 3618260 (W.D. Wash., July 30, 2018), *Hill v. Sands*, 402 F. Supp. 1368 (N.D. Ill.

13  1975), *Sciollino v. Marine Midland Bank-Western*, 463 F. Supp. 128 (W.D.N.Y. 1979).

14        In plaintiff's Response (Dkt. 4), he reasserts his intent to pursue his claim for

15  violation of his First Amendment rights and 18 U.S.C. §§ 1701-1703. Dkt. 4, at 1. He

16  repeats the assertion that "legal mail" includes correspondence with courts. *Id.*  He

17  states that when he grieved his issue to prison staff, he had been promised that he

18  would be allowed "revision," which the court construes to mean the ability to review, or

19  observe, when his mail is opened. *Id.* He claims that he was later informed that LCC did

20  not have to take such action for him. *Id.* Yet he acknowledges that since his grievance

21  was appealed and resolved in his favor, his mail has not been opened without his

22  presence. *Id.*

23

24

25

REPORT AND RECOMMENDATION - 3

1    Plaintiff asserts that "many others" continue to have their mail opened outside
2 their presence and that he does not know if all his legal mail is being sent and received.
3 He argues that because officers should be held to a "higher standard," he should be
4 permitted to move forward with his suit against LCC officials. Dkt. 4, at 2. He states that
5 his suit is "not about the money," but intended to hold LCC accountable and reform their
6 mail practices. *Id.* Plaintiff appears to argue that he is entitled to both injunctive relief
7 and damages, as he also complains that, despite defendants' acknowledgment of a
8 mistake in handling his mail, he has not been compensated for defendants' conduct nor
9 assured that future preventive action would be taken. *Id.* at 3.

10   Plaintiff's arguments do not resolve the failure to state a claim in his complaint.
11 Despite plaintiff's claims to the contrary, his correspondence with the courts is not
12 considered legal mail under First Amendment protection, and the Court declines to infer
13 a private cause of action from the criminal statutes protecting plaintiff's mail. Moreover,
14 he asserts that he has since been present when his legal mail is opened; this renders
15 any request for injunctive relief moot. *See* Dkt. 4, at 1. As a *pro se* party, plaintiff may
16 not represent *pro se* parties other than himself, and therefore he may not bring this
17 action on behalf "many others [with] the same problem." 28 U.S.C § 1654; Dkt. 4, at 1-2.
18 Finally, plaintiff's claim that he does not know if his mail is being sent or received is too
19 speculative to sustain a claim under 42 U.S.C. § 1983.

                                    CONCLUSION

21   None of plaintiff's arguments indicate that additional facts remain that would
22 successfully state a First Amendment claim for interference with plaintiff's legal mail or
23 otherwise cure the fatal deficiencies discussed above. Because plaintiff already has
24 been granted an opportunity to state a viable constitutional claim by filing an amended

1  complaint, but his response indicates that amendment would be futile, dismissal of this
2  action is for failure to state a claim under 42 U.S.C. § 1983 is proper.
3     Plaintiff has **fourteen (14) days** from service of this Report and
4  Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule
5  of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result
6  in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140
7  (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is
8  directed set this matter for consideration on **October 9, 2020**, as noted in the caption.
9     Dated this 25th day of September, 2020.

*[Signature]*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5